IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE HAROLD MORGAN, JR.          *
          Petitioner
   v.                                *    CIVIL ACTION NO. AW-06-2063

STATE OF MARYLAND                    *
          Respondent.
                        ***

**MEMORANDUM**

On June 7, 2005, Petitioner filed a 28 U.S.C. § 2254 attacking his 1987 convictions in the Circuit Court for Prince George's County, Maryland on counts of first degree murder, robbery with a deadly weapon, and use of a handgun in the commission of a felony. *See Morgan v. State*, Civil Action No. AW-05-1590 (D. Md.). After full briefing by the State and Petitioner, the action was dismissed as time-barred on August 24, 2005. No appeal was filed.

On August 9, 2006, the court received for filing the instant cause of action, representing Petitioner's second federal challenge to his 1987 convictions.[1] Affording the application and attachments a generous construction, Petitioner is alleging that:

    (i)    the circuit court issued an erroneous suppression ruling;

    (ii)   his due process rights were violated by the threat of the death penalty;

    (iii)  elements of the alleged crime were not read on the record during the plea hearing;

    (iv)  after his appearance before a court commissioner he was denied his Sixth Amendment rights during his police interrogation;

---

[1] The cause of action was filed on 28 U.S.C. § 2255 forms, seeking a "motion to vacate" Petitioner's 1987 convictions and sentences. As a federal challenge to a state conviction, the matter was construed as a 28 U.S.C. § 2254 habeas corpus petition.

  (v)  he received ineffective assistance of post-conviction counsel;

  (vi)  he received ineffective assistance of trial counsel; and

  (vii)  he is entitled to have his post-conviction petition re-opened on the basis of his ineffective assistance of counsel claim.

Paper No. 1.

Because he appears indigent, Petitioner's Motion to Proceed In Forma Pauperis shall be granted.  His Petition shall, however, be dismissed without prejudice.

28 U.S.C. §2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A petitioner may file a second or successive habeas corpus petition only if he or she has moved the appropriate circuit court for an order authorizing the district court to consider his application.  *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The circuit court must enter an order authorizing the district court to consider any new § 2254 action filed by petitioner.  *See* 28 U.S.C. § 2244(b)(3)(A);[2] *see also In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).

As noted, Petitioner's previous § 2254 application attacking his 1987 convictions was dismissed as untimely.[3]  There is no showing that the prior dismissal was erroneously entered.

---

[2]  28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3]  Petitioner seemingly argues that the time constraints of the Antiterrorism and Effective Death Penalty Act ("AEDPA") do not apply because an actual innocence question can be raised under § 2254 at any

Therefore, that determination would still be considered an "adjudication on the merits," making the instant petition successive. *See Villanueva v. United States*, 346 F.3d 55, 60 (2$^d$ Cir. 2003), *cert. denied*, 124 S.Ct. 2895 (2004) (Section 2255 motion that is properly dismissed as time-barred constitutes an adjudication on the merits for successive purposes). There is no showing that Petitioner has complied with the aforementioned "gatekeeper" provision. Therefore, his § 2254 claims for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).[4] By separate Order this Petition shall be dismissed without prejudice.[5]

Date: <u>August 16, 2006</u>　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　Alexander Williams Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

time. Paper No. 1 at 4, § 13. To the extent that Petitioner is alleging that it would be unconstitutional to apply the AEDPA's statute of limitations because of a claim of actual innocence, this Court is without subject matter jurisdiction to address the merits of such a claim. Petitioner may raise such a claim in a 28 U.S.C. § 2244(b) motion before the Fourth Circuit. The Court notes, however, that Petitioner did not raise an actual innocence ground as a free-standing claim or ground for equitable tolling in his first § 2254 habeas corpus petition.

[4]　　The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are comprehensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the procedure to be followed should Petitioner wish to seek authorization in the appellate court to file a successive § 2254 petition. It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

[5]　　In light of this decision, Petitioner's Motion for Appointment of Counsel shall be denied.

3